192 So.2d 606 (1966)
GULF MACHINE SHOP, Plaintiff-Appellee,
v.
Jim POYNTER and Norman Brown d/b/a Mobile Home Service & Supply Company, Defendants-Appellants.
No. 1856.
Court of Appeal of Louisiana, Third Circuit.
December 1, 1966.
Rogers, McHale & St. Romain, by Jack Rogers, Lake Charles, for defendants-appellants.
Charley Quienalty, Lake Charles, for plaintiff-appellee.
Before FRUGÉ, TATE and HOOD, JJ.
HOOD, Judge.
Plaintiff, Gulf Machine Shop, instituted this suit for a sum of money alleged to be due it under a contract for the manufacture *607 of two steel rollers for use in an aluminum crimping machine. The defendants resisted the demand on the ground that the manufactured rollers were defective and were not suitable for the purposes for which they were intended. Judgment was rendered by the trial court in favor of plaintiff for the full amount claimed. Defendants have appealed.
In September, 1962, an oral contract was entered into between plaintiff and defendants, under the terms of which plaintiff was to manufacture two steel rollers, with blocks, bearings and drive gears, for defendants to use in a machine owned by them for crimping and shaping aluminum sheets. Defendants at that time were engaged in repairing house trailers, and a part of this repair work involved the crimping and shaping of sheets of aluminum for use as panels on these trailers. The rollers were manufactured by plaintiff, but the evidence shows that after they were completed they did not work properly in defendants' machine, and that they thus were not suitable for the purpose for which they were intended.
Plaintiff contends that the rollers were manufactured in a good and workmanlike manner, and that they were made in accordance with the instructions which it received from defendants. It also takes the position that there was a specific waiver of the implied warranty which otherwise may have existed as to the suitability of these manufactured parts. It contends that at the time the contract was entered into, the parties specifically understood and agreed that plaintiff was not to warrant the rollers as being suitable for the purposes intended, and that plaintiff would not guarantee that they would work in defendants' machine. Plaintiff demands the sum of $890.30 for making these rollers.
Defendants concede that the amount claimed by plaintiff is reasonable and fair for the manufacture of rollers of this type. They contend, however, that there is an implied warranty by plaintiff that the rollers would work properly, that there was no waiver of that warranty, and that since the rollers are not suitable for the purposes intended there has been a failure on the part of plaintiff to perform, and defendants thus are not obligated to plaintiff for the manufacture of these defective parts.
The testimony is conflicting as to what transpired at the time the agreement was entered into. A resolution of the issue presented depends upon the amount of credibility which is attached to the testimony of each witness.
Plaintiff's manager testified that the machine shop was never furnished with detailed drawings and specifications of the parts which it was to manufacture, or with a model of the type rollers which defendants wanted. He stated that defendants furnished him only with a rough sketch of the rollers they desired, a remnant of an aluminum sheet which had been crimped as they wanted these rollers to crimp those sheets, and two rollers of a different type or design. He testified that at the time the contract was entered into he specifically informed defendants that plaintiff was not an engineering firm, and he made it plain that plaintiff "would not guarantee that he could make that sheet come out straight and level," that "we were not guaranteeing to produce the desired finished product," and that, "I pointed out more than once that we were not responsible for the finished product; that we would make the rollers to the best of our ability and that it was his baby; it would work or not work." He testified that defendants authorized him to proceed to make the rollers with that understanding. Another partner in the plaintiff firm testified that they informed defendants that they were not engineers, meaning that they did not know how to design rollers of this type.
Jim Poynter, one of the defendants, confirmed the fact that plaintiff had not been furnished with detailed drawings or with model rollers, and he stated that he and plaintiff's manager worked out a rough *608 sketch together. He further testified, however, that prior to making the rollers, "there certainly was not anything came up about not guaranteeing," that no representative of plaintiff told him that "they did not guarantee the work," and that he is positive that "that statement was not made they would not guarantee them." The other defendant did not testify. An employee of defendants testified that although he was not present at the time the contract was entered into, none of the employees of plaintiff ever mentioned to him that the work was not being guaranteed, and that he heard nothing about plaintiff's claim that there had been a waiver of warranty until some time after the rollers had been completed.
The trial judge, accepting the testimony of the manager of plaintiff company, concluded that "no guarantee was made to the defendants as to the accuracy of the rollers and that the defendants entered into the contract with this understanding." Judgment accordingly was rendered in favor of plaintiff.
The trial judge's findings of fact, particularly those involving the credibility of witnesses testifying before him, are entitled to great weight, and his conclusions as to the facts will not be disturbed unless found to be clearly erroneous. Miers v. Truck Insurance Exchange, 180 So.2d 559 (La.App. 3d Cir.1965).
We cannot say that the trial judge erred in accepting plaintiff's version of the facts in this case. We affirm his conclusion, therefore, that in contracting to manufacture those rollers the parties specifically agreed and understood that plaintiff did not warrant or guarantee that these parts would work satisfactorily in defendants' machine or that they would produce the finished product which defendants desired. Under that finding, plaintiff clearly is entitled to recover the amount claimed.
Defendants contend, however, that plaintiff has failed to prove the alleged nonwarranty stipulation in accordance with the provisions of LSA-C.C. art. 2277. This article of the Civil Code provides:
"All agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements, above five hundred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances."
We find no merit to that argument. Defendants admit that a contract was entered into between the parties for the manufacture of these rollers, that the rollers were made pursuant to that contract, and that plaintiff's charge of $890.30 for this work is reasonable. The existence of such a contract was established, therefore, by the testimony of plaintiff's manager, and his testimony was corroborated by the testimony of one of the defendants and by that of other witnesses. There has been a full compliance with the provisions of LSA-C.C. art. 2277, therefore, insofar as proof of the contract is concerned. The issue presented here is not whether such an agreement was entered into, but whether in connection with that agreement there was a waiver of the legally implied warranty that the rollers would work satisfactorily in defendants' machine. We think the above cited article of the Civil Code is not applicable as to the proof required for this particular issue.
Although Article 2277 of the Civil Code is not applicable, we think it is appropriate to note that the non-warranty stipulation has been proved to the degree of certainty required by that article. The testimony of plaintiff's manager to the effect that such a stipulation was included in the contract is corroborated by the testimony of one of the partners in the plaintiff firm to the effect that they informed defendants that they were not engineers, and by the testimony of defendant Poynter, *609 who stated that plaintiff was furnished with "just rough hand sketches," which "he and I worked * * * out together," and that after the rollers had been found to be unsatisfactory he took them back to plaintiff with instructions to make some specific changes in the gears, which changes were designed by defendants and were made at defendant's expense. The action of defendants in having specified changes made in the gears is consistent with plaintiff's position that there was no warranty, and is inconsistent with defendants' position that plaintiff was responsible under its implied warranty or guarantee to make the rollers in such manner that they would work properly.
For the reasons herein assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendants-appellants.
Affirmed.