HOOD, Judge.
This is a tort action instituted by Ernest Honora against Joseph A. Wartelle and the latter’s insurer, Zurich Insurance Company. Plaintiff claims damages for personal injuries sustained by him when he was struck by defendant’s automobile as he attempted to walk across a city street. Judgment was rendered by the trial court in favor of defendants, and plaintiff has appealed.
The accident occurred about 6:15 p. m. on November 22, 1965, on Church Street, in Opelousas, Louisiana. Church Street at that point is a two lane, blacktopped thoroughfare which runs east and west. It is intersected by Market Street, and the accident occurred at a point less than a city block west of that crossing. Traffic at that intersection is controlled by a semaphore traffic light.
Mrs. Wartelle, wife of the defendant, was driving her husband’s car in a westerly direction on Church Street when the accident occurred. After she had traversed the intersection of Church and Market Streets, and when she reached a point more than 100 feet west of that intersection, her automobile struck plaintiff, an 86 year old Negro man, causing him to sustain the injuries which form the basis for this suit.
Shortly before the accident occurred, plaintiff went to Cutrera’s Grocery Store, which was located on the south side of Church Street and 106 feet west of the intersection of that street with Market Street. After leaving the store he proceeded to walk in a northerly direction, across Church Street, in order to return to his home. The evidence shows that he attempted to cross the street directly in front of the store, more than 100 feet west of the intersection of Market and Church Streets, and that he was struck by the Wartelle car after he had crossed the center line and while he was in the north, or west-bound, traffic lane of Church Street.
Plaintiff testified that he looked for traffic before he started across the street, that he saw no vehicles traveling east on Church Street, that the only vehicle he saw on that thoroughfare was one being driven in a westerly direction and that at that time *592 it had not reached the Market Street intersection. He stated that he then walked to the center of the street where he stopped and looked for traffic a second time, and that he again saw a car approaching, traveling west on Church Street, the vehicle which he saw at that time obviously being defendant’s car. He stated, however, that it “was a good piece, and I was trying to make it, you know, trying to make it across * * * I thought I could make it. I didn’t know the car was coming that fast.” Plaintiff testified that after he had reached the center line of the street and had observed a second time that a car was approaching, he started to go on across the west-bound traffic lane of the street and that he was struck by this oncoming car before he reached the other side. He stated that he had succeeded in traversing a substantial part of that lane before he was struck. Although his testimony is vague and somewhat inconsistent as to this factual issue, we interpret his statement to be that he was “about a foot” from the north edge of the blacktopped portion of the street when he was struck. His testimony to the effect that there was no eastbound traffic on Church Street immediately prior to the accident is supported by that of Yves Daniel, who was near Cutrera’s Grocery Store at the time.
Mrs. Wartelle testified that the traffic light facing her at the intersection of Church and Market Streets was red as she approached it, that she slowed down and “had nearly stopped” at the intersection when the light turned green, and that when the traffic signal turned green for her she accelerated and proceeded on across Market Street. She stated that shortly after traversing the crossing she met and passed another car which was traveling east on Church Street, that the headlights on that car were burning, and that immediately after she passed this east-bound automobile she saw plaintiff for the first time in the center of the road just a “few feet” from her. She testified that “he came out from behind that other car,” and that “he stopped when he saw us * * * and kind of threw his hands up like, and then he tried to run across, the rest of the way across.” She stated that she applied her brakes and swerved to her right as soon as she saw plaintiff, but that the left front “corner” of the car struck him and caused him to slide over the hood of the car and to fall to the ground on the right side of the right front fender of her car. She testified that after traversing the intersection she had increased her speed to a maximum of 20 miles per hour before she saw plaintiff and applied her brakes, and that she brought her car to a stop within a very few feet of the point of impact. Mrs. Wartelle’s testimony was corroborated by that of Mrs. Frank La-Combe, who was a passenger in her car at the time of the accident.
The evidence shows that Mrs. Wartelle brought her car to a stop in the west-bound lane of traffic on Church Street, the right wheels of her car being about three inches from the edge of the blacktopped portion of that street. After the accident plaintiff came to rest lying on the north shoulder of the street, about six inches from the hard surfaced slab and very near the right front fender of the Wartelle car. Defendant’s automobile left skid marks in the westbound lane of traffic leading up to the point where the collision occurred. The evidence is conflicting, however, as to the length of these marks. Three witnesses called by plaintiff testified that they were 51 feet long, while two witnesses called by defendant, including the investigating officer, testified that they were 27 feet long. The evidence also establishes that dust had been wiped or scraped off the hood of the car, corroborating Mrs. Wartelle’s testimony that after plaintiff was struck he slid over the hood of the car and fell on the right side of the road.
The trial judge concluded that the sole and proximate cause of the accident was plaintiff’s negligence in attempting to cross the street in the path of oncoming traffic. In arriving at that conclusion he accepted the testimony of the witnesses called by de *593 fendants as being a correct version as to how the accident occurred. In his written reasons for judgment he said:
“The Court finds that the evidence preponderates to the effect that Mr. Honora attempted to cross the street directly behind or soon after a vehicle proceeding in an easterly direction on Church Street had passed, and as he did so he was confronted almost immediately by the westerly travelling Wartelle automobile. Though Mrs. Wartelle attempted to put on her brakes an accident ensued, Mr. Honora coming into contact with the left front or left front corner of the Wartelle vehicle and the plaintiff then flipping over and coming to rest on the side of the street on the right side of the Wartelle vehicle and hitting it also on the right side.
“The Court believes that the testimony of both the plaintiff, the driver of the Wartelle vehicle and the passenger of the Wartelle vehicle corroborate the fact that Mr. Honora was in a stopped position for some time, although it may be short, in the middle of Church Street when he apprehended Mrs. Wartelle and probably when Mrs. Wartelle also saw him, and then he proceeded to try to cross the street and came into contact with the Wartelle vehicle. * * * ”
We have held many times that the trial judge's findings of fact, particularly those involving the credibility of witnesses testifying before him, are entitled to great weight and that his conclusions as to the facts will not be disturbed unless found to be clearly erroneous. Gulf Machine Shop v. Poynter, 192 So.2d 606 (La.App. 3d Cir. 1966); Satterwhite v. Zurich Insurance Company, 199 So.2d 429 (La.App. 1st Cir. 1967).
A determination of the factual issues presented in this case depends upon the weight which is to be given to the testimony of the witnesses. We cannot say that the trial judge erred in accepting the testimony of Mrs. Wartelle and of her guest passenger as to how the accident occurred. We are convinced, as was the trial judge, that plaintiff darted across Church Street, behind an east-bound car and directly in front of the Wartelle automobile, in such a manner that it was impossible for Mrs. Wartelle to avoid striking him. We concur in the trial court’s finding, therefore, that Mrs. Wartelle was free from negligence.
Plaintiff contends, alternatively, that he is entitled to recover from defendants under the doctrine of last clear chance. He interprets the evidence as showing that Mrs. Wartelle met and passed the east-bound automobile at least 100 feet before her car struck plaintiff, and he argues that if she had discovered plaintiff’s peril as soon as she should have done so she could have avoided the accident.
We are unable to agree with plain-, tiff in this argument. The evidence does not show the exact point at which Mrs. Wartelle met and passed the other vehicle. Mrs. Wartelle testified, however, that she saw plaintiff “about when I got even with this car.” The trial judge has accepted her testimony, and we also conclude that she saw the plaintiff as soon as it was possible for her to do so. After observing plaintiff on the street about to enter her lane of traffic, she did everything she could to avoid the accident, but she was unsuccessful in doing so. Since she observed plaintiff’s peril as soon as it was reasonably possible for her to do so, and since she could not then avoid the accident by the exercise of reasonable care, the doctrine of last clear chance is not applicable.
For the reasons herein assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.