242 So.2d 903 (1971)
Robert JACKSON, Plaintiff-Appellant,
v.
AMERICAN MUTUAL LIABILITY INSURANCE COMPANY et al., Defendant-Appellee.
No. 3266.
Court of Appeal of Louisiana, Third Circuit.
January 15, 1971.
*904 C. O. Brown, Alexandria, for plaintiff-appellant.
Stafford, Pitts & Bolen, by Richard R. Storms, Alexandria, for defendant-appellee.
Before SAVOY, HOOD and DOMENGEAUX, JJ.
HOOD, Judge.
This is a workmen's compensation suit instituted by Robert Jackson against his former employer, Ruston Foundry and Machine Shop, and its insurer, American Mutual Liability Insurance Company. Plaintiff demands compensation benefits based on total and permanent disability, penalties and attorney's fees. Judgment was rendered by the trial court in favor of defendants, and plaintiff has appealed.
Defendants admit that plaintiff sustained an injury to his right foot during the course of his employment. They contend, however, that he has recovered and is able to perform all of the duties of his former employment, and that he thus is not disabled within the meaning of the workmen's compensation law. The issue presented on this appeal, therefore, is whether Jackson is totally and permanently disabled, or whether he has been disabled since the payment of compensation benefits was discontinued.
The accident occurred on July 11, 1968, while Jackson and several fellow employees were unloading heavy pipe from a truck on the premises of their employer. As a crane was lifting a 46-foot section of ten-inch pipe, the pipe fell on Jackson's right foot, causing injuries consisting of severe contusions of the right foot, comminuted fractures of the distal and proximal phalanges of the right great toe, fractures of the proximate phalanx of the second, third and fourth toes, and a fracture at the head of the third metatarsal bone.
Defendants paid compensation benefits to plaintiff at the rate of $35 per week for a period of about 35 weeks from and after the date of the accident, the benefits paid amounting to the total sum of $1,250.00. They also paid all medical expenses incurred for the treatment of plaintiff's injury. The payment of compensation benefits was discontinued when plaintiff's treating physician concluded that plaintiff was able to return to work.
Jackson testified that he has suffered pain in his right foot constantly since the date of the accident, that he is unable to walk or to remain standing for any appreciable length of time without pain and swelling in his right foot, and that he cannot walk while carring heavy objects. He stated that he quit wearing the special steel-tipped shoe which was prescribed for him by his treating orthopedic surgeon because the "plates there would dig in the ground," and that this would cause him to lose his balance.
The evidence shows that Jackson has not returned to work since the date of the accident, but that he has mowed some lawns and has raked leaves since that time. He has made no other claims for compensation benefits. The lay evidence, consisting solely of the testimony of his daughter-in-law, is to the effect that Jackson has performed no heavy work since the date of the accident, that he limps when he walks and that he complains frequently of pain in his right foot.
Jackson was treated by Dr. Donald K. Tischler, a surgeon, from the date of the accident until October 29, 1968. The treatment *905 included hospitalization for about 13 days. Dr. Tischler testified that plaintiff responded well to the treatment, and that on or about October 8 he concluded that plaintiff could return to light duties by October 14, 1968. Plaintiff continued to complain of pain, however, so on October 29, 1968, the treating physician referred plaintiff to Dr. Ray Beurlot, an orthopedic surgeon.
Dr. Tischler did not treat plaintiff after the last-mentioned date, but he did examine him again on February 4, 1970, about one and one-half years after the accident occurred. On that examination he found some angulation of the right great toe to the lateral side of the foot, with a limitation of flexion of his toe. He concluded that plaintiff had a disability of about ten to fifteen per cent of the right foot, with a five or six per cent disability of the body as a whole. He felt, however, that the angulation in Jackson's right great toe was only slight and was not disabling, and that the lack of flexion in that toe would not affect plaintiff's ability to walk. He found that the pain or discomfort which plaintiff complained of then was minimal, and he concluded that plaintiff at that time was able to perform heavy manual labor, and that he "would not have sufficient pain to keep him from carrying on activities of that type."
Dr. Beurlot treated plaintiff from November 1 until November 14, 1968. He testified that all of plaintiff's injuries had healed completely, except that the great toe of his right foot had united with a fifteen degree angulation, and that there remained about a five per cent limitation or loss of flexion and extension of that toe. He found no evidence of arthritis. Dr. Beurlot felt that because of the angulation and limitation of motion in the toe, plaintiff had sustained about a 15 per cent disability of the foot and a six per cent disability of the body as a whole. He testified, however, that in his opinion plaintiff was not disabled from performing heavy labor, and that he could have returned to his former employment on November 14, 1968.
Dr. A. L. Rayburn, a general surgeon, examined plaintiff in January and in August, of 1969, and on February 4, 1970. He found angulation of the toe and some arthritis in that area of the foot. He conceded, however, that his diagnosis of arthritis was not based on an x-ray examination, but instead on the "objective findings of the toe being stiff," and on plaintiff's subjective complaints of pain. He stated that plaintiff "could have pain from any type of movement or use of his foot," and that there was the "possibility of pain." He concluded that plaintiff "has a disability to an extent," but he declined to express an opinion as to the percentage or extent of that disability. On the basis of his findings, Dr. Rayburn felt that plaintiff was not able to compete one hundred per cent in the common labor market.
The trial court concluded that plaintiff had failed to establish that he was totally and permanently disabled, or that the injury and residual disability had substantially decreased his ability to compete in the common labor market. The court also found that plaintiff had failed to establish that he would experience substantial pain if he attempted to work after the accident.
The law is settled that a compensation claimant will not be held to be disabled and thus entitled to compensation benefits solely because he suffers some residual pain and discomfort when he attempts to work following a work-connected accident. The residual pain or discomfort in such a circumstance will be considered as being disabling only if it is substantial or appreciable pain. Glidden v. Alexandria Concrete Company, 242 La. 626, 137 So.2d 894 (1962); Moreau v. Employers Liability Assurance Corporation, 180 So.2d 835, (La.App. 3 Cir. 1965); Lantier v. Guy Scroggins, Inc., 223 So.2d 252 (La.App. 3 Cir. 1969).
*906 A compensation claimant who can perform the duties of his employment, but who suffers pain when doing so, is not entitled to compensation benefits unless the pain is substantial enough to be disabling, in that it prevents the worker from carrying out some of the functions of his job, or it is so intense that it hinders the worker in the fulfillment of his duties, or the pain is severe enough that the performance of his work would be deleterious to his health. Glidden v. Alexandria Concrete Company, supra.
The plaintiff in a workmen's compensation suit, like the plaintiff in any other civil suit, bears the burden of proving the facts on which he bases his claim, including his alleged disability, by a preponderance of the evidence. Thornton v. Fidelity & Casualty Company of New York, 214 So.2d 192 (La.App. 4 Cir. 1968).
Applicable here also is the rule that the findings of fact by the trial court, particularly those involving the credibility of witnesses, are entitled to great weight on appeal, and his conclusions as to the facts will not be disturbed unless found to be clearly erroneous. Gulf Machine Shop v. Poynter, 192 So.2d 606, (La.App. 3 Cir. 1966).
The evidence in the instant suit preponderates to the effect that Jackson is not totally and permanently disabled from performing heavy manual labor, including the type of work he was performing at the time the injury was sustained. The trial judge correctly held, therefore, that plaintiff has failed to establish that he is totally and permanently disabled, or that he would experience substantial pain if he performs heavy manual labor, or that his residual disability substantially handicaps him in his ability to compete in the common labor market.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.