MILLER, Judge.
Plaintiff Robert Lee Perkins appeals the trial court determination that his twenty-five per cent permanent partial disability of his right wrist does not render him totally and permanently disabled from performing hard manual labor. We affirm.
*792 On July 17, 1969 while employed by defendant Southern Casualty Insurance Company’s insured (Edgar Perkins), Perkins fell off a truck. He suffered a comminut-ed fracture of the distal shaft of the right radius involving the wrist joint surfaces.
Workmen’s compensation at the rate of $45 per week was paid from the date of injury through November 11, 1970, making a total of $3,405.00. Tr. 80, 204.
Perkins was treated by Dr. Henry S. Carter, physician of DeRidder, Louisiana. On September 25 and December 9, 1969, on Dr. Carter’s referral, Perkins was seen by Dr. Edmund C. Campbell, orthopedic surgeon of Lake Charles, Louisiana. Dr. Campbell concluded that Perkins had a permanent partial disability approximating 25 per cent of the right wrist and hand, but that he could work despite the permanent partial disability. “He might be limited in some of his most strenuous duties.” Tr. 61. Dr. Carter discharged plaintiff to return to his regular work on December 17, 1969.
Perkins returned to work a day or two before he was discharged by Dr. Carter. Starting with the first week of January 1970, Perkins worked consistently for a period of fourteen months. He quit work a few weeks before the March 25, 1971 trial because he was being underpaid for the amount of work he was doing. Perkins made it clear that his leaving the job was related to his pay and not to his ability to do the work. Tr. 94, 117. He missed only one day of work because of complaints of pain.
Perkins was employed, both before and after the injury, to cut and limb pulpwood with a power saw. Some of the time he worked at the set (the site where trees were dragged to be cut and loaded) where he used a large power saw weighing about 37 pounds. At the set he assisted in the loading operation.
Perkins never sought medical treatment for his injury after his December 17, 1969 medical discharge. His counsel had him examined by Dr. Norman P. Morin, orthopedic surgeon of Lake Charles, on April 20, 1970. During the week preceding that examination, plaintiff’s earnings from cutting pulpwood with a power saw were $187.01, yet Dr. Morin found no evidence of swelling in the injured wrist.
Dr. Morin found some mild atrophy and a mild decrease in the degrees of movement of the wrist. He concluded that while Perkins might be able to work at this time, his educated guess was that Perkins’ condition would probably get worse instead of better. While Dr. Morin stated that “it might be possible that at times he could experience disabling pain”, he also admitted that he could not say that this was “probable.” Tr. 46.
Dr. Morin agreed that the injury caused a twenty-five percent permanent partial disability of the right wrist. This percentage was rated this high because of the strenuous nature of Perkins’ work. He indicated that the allowance would be less if Perkins’ work was not so difficult.
During the course of the trial Perkins demonstrated his ability to handle power saws. The trial court apparently concluded that Perkins was better able to handle a power saw than some of plaintiff’s witnesses who also worked with power saws.
Every witness acknowledged that Perkins was a hard worker both before and after the accident. He changed jobs several times to improve his earnings or his working conditions. There was unanimous agreement that plaintiff earned his pay and that he was never discharged because of unsatisfactory performance.
The record supports the trial court’s determination that “. . . Perkins is able to perform the ordinary duties of his occupation without substantial pain and without substantial susceptibility to re-injury.”
A compensation claimant will not be held to be disabled and thus entitled to *793 compensation benefits solely because he suffered some residual pain and discomfort when he attempts to work following a work connected accident. Glidden v. Alexandria Concrete Company, 242 La. 626, 137 So.2d 894 (1962). Jackson v. American Mutual Liability Insurance Company, 242 So.2d 903 (La.App. 3 Cir. 1971).
A compensation claimant who can perform the duties of his employment, but who suffers pain when doing so, is not entitled to compensation benefits unless the pain is substantial enough to be disabling, in that it prevents the worker from carrying out some of the functions of his job, or it is so intense that it hinders the worker in the fulfillment of his duties, or the pain is severe enough that the performance of his work would be deleterious to his health. Glidden and Jackson cases, supra.
The plaintiff in a workmen’s compensation suit, like the plaintiff in any other civil suit, bears the burden of proving the facts on which he bases his claim, including his alleged disability, by a preponderance of the evidence. Jackson case, supra.
The circumstances here are somewhat similar to those in D’Avy v. Bituminous Casualty Company, 255 So.2d 645 (La.App. 3 Cir. 1971), where a plaintiff bricklayer sustained an accident which left him with a fifteen per cent permanent partial loss of the use and function of his left leg. On a showing that plaintiff had been working continuously as a bricklayer, that he was employed through a union, and that he received the same wages as other bricklayers and was assigned to work in the same manner as the other union members, it was held that plaintiff was not totally and permanently disabled. He was awarded compensation based on his fifteen per cent permanent partial loss of the use or function of his leg. See also Lantier v. Guy Scroggins, Inc., 223 So.2d 252 (La.App. 3 Cir. 1969).
Perkins is not claiming under the permanent partial loss of use under LSA-R.S. 23:1221(4) because he has received compensation benefits slightly in excess of that claim.
We distinguish the cases relied on by plaintiff appellant dealing with the injured workman who returns to work. Chapman v. Travelers Insurance Company, 250 So.2d 248 (La.App. 3 Cir. 1971); Rutherford v. Dixie Concrete, Inc., 222 So.2d 508 (La.App. 4 Cir. 1969); and Lavergne v. Southern Farm Bureau Casualty Insurance Company, 171 So.2d 751 (La.App. 3 Cir. 1965). In Chapman, the claimant was unable to perform all the duties required in his prior employment as an oilfield truck driver. Although he could drive a truck, he could not load and unload trucks. In Rutherford and Lavergne, the claimants could not return to their jobs because they were unable to perform all their duties without suffering pain.
We find no manifest error in the trial court determination that Perkins failed to prove that performing all duties of his prior employment caused pain.
We also distinguish the cases cited by plaintiff appellant on the question of the workman’s competitive handicap in the laboring market. Perkins v. Avondale Shipyards, Inc., 245 So.2d 772 (La.App. 4 Cir. 1971) ; and Ball v. American Marine Corporation, 245 La. 515, 159 So.2d 138 (1963). In Perkins it was established that claimant was unable to work because of pain. Pictures taken without claimant’s knowledge supported claimant’s contention that he was disabled. In Ball, it was held that plaintiff failed to prove a disability even though, except for a two weeks’ trial period, he had not worked since the accident and he testified that he was still suffering pain in his back and legs which prevented his working.
The trial court’s judgment is affirmed. Costs of court are assessed to plaintiff appellant.
Affirmed.