STOKER, Judge.
This is a suit for damages resulting from an automobile accident which occurred on April 23,1983. The trial was before a jury which held in favor of plaintiffs and rejected a reconventional demand by the defendant. Defendant, Christopher Landry, was driving south on Louisiana Highway 675 at about 45 miles per hour and attempted to make an unsignaled left turn into a private driveway after slowing down to 15 miles per hour. At the place of the accident the highway evidently consisted of two lanes. The vehicle driven by defendant did not have functioning turn signals, which defendant knew, and defendant did not make a manual signal. Although defendant’s brake lights were functioning, he did not begin braking until he was about 50 feet from the turning point. When defendant’s car was almost within the private driveway and was completely out of the southbound lane, defendant’s vehicle was struck on the rear left side by the front right side of a car driven by Lawrence Verrett, II. Ver-rett was also driving south at about 45 to 50 miles per hour, and was engaged in a passing maneuver to overtake defendant. There was no restriction against passing in that particular part of the highway, but passing to the right was impossible. The point of impact was three to four feet into the northbound lane from the center line.
Vesco Rental & Supply Company (Vesco), the owner of the car driven by Verrett, and United States Fidelity & Guaranty Company, Vesco’s automobile insurer, filed suit against defendant for damages to Vesco’s automobile in the amount of $2,030.93. Defendant filed a reconventional demand for damages. On November 5, 1986 the jury held in favor of plaintiffs, finding defendant 100% at fault. Defendant appeals this judgment, assigning as errors the following:
1. The trial court erred as a matter of law in failing to instruct the jury that a following motorist is presumed negligent when a rear end collision occurs.
2. The jury’s finding that defendant was 100% at fault for the collision was contrary to the evidence adduced at trial.
Defendant concedes in his brief that he may have been at fault to some degree. His contention is that he was not solely at fault and he should recover for his damages on an apportioned basis.
JURY INSTRUCTIONS
Defendant contends the trial court should have instructed the jury on the law relative to rear-end collisions. However, the accident was not a rear-end collision, but rather a collision between a left-turning and an overtaking motorist which damaged the sides of both automobiles. We find the trial court did not err in this respect. Defendant alleges that Verrett was not, in fact, attempting to overtake him but was merely braking because he had followed defendant too closely at a high rate of *312 speed. The trial court properly instructed the jury relative to the duties of drivers intending to make left turns from the highway and drivers attempting a passing maneuver. The evidence established that the defendant’s vehicle was partially within the private driveway into which it was turning and partially on the highway. In framing its instructions the trial court evidently considered that the facts presented a case of a left-turn accident rather than a rear-end collision. The undisputed fact is that the right front side of the Yerrett vehicle struck the left rear side of the Landry vehicle. We find no manifest error on the part of the trial court in giving jury instructions relative to a left-turn accident situation rather than instructions relative to a rear-end collision. Moreover, we are unable to discover in the record before us any request by defendant for this jury charge.
FAULT
The duty of a left-turning motorist is set forth in LSA-R.S. 32:104:
§ 104. Turning movements and required signals
A. No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in R.S. 32:101, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.
B. Whenever a person intends to make a right or left turn which will take his vehicle from the highway it is then traveling, he shall give a signal of such intention in the manner described hereafter and such signal shall be given continuously during not less than the last one hundred (100) feet traveled by the vehicle before turning.
C. No person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal in the manner provided herein to the driver of any vehicle immediately to the rear when there is opportunity to give such signal.
D.The signals provided for in R.S. 32:105(B) shall be used to indicate an intention to turn, change lanes or start from a parked position and shall not be flashed on one side only on a parked or disabled vehicle, or flashed as a courtesy or “do pass” signal to operators of other vehicles approaching from the rear.
The signal for a left turn is given either by a mechanical or electric signal device or by means of the hand and arm. LSA-R.S. 32:105.
Defendant failed in his high duties as a left-turning motorist to give any signal of his intention to turn and to ascertain that the turn could be made with reasonable safety. Defendant testified that he had seen Verrett’s vehicle behind him for some time. He was clearly negligent in failing to see Verrett attempting to overtake him. See Jackson v. American Mutual Liability Ins. Co., 242 So.2d 903 (La.App.3d Cir.1971).
The duties of an overtaking motorist passing on the left are set forth in LSA-R. S. 32:73 and LSA-R.S. 32:75:
§ 73. Passing a vehicle on the left
The following rules shall govern the overtaking and passing of vehicles proceeding in the same direction, subject to those limitations, exceptions, and special rules hereinafter stated:
(1) Except when overtaking and passing on the right is permitted, the driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance, and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle.
(2) Except when overtaking and passing on the right is permitted, the driver of an overtaken vehicle shall give way to the right in favor of the overtaking vehicle on audible signal, and shall not increase the speed of his vehicle until completely passed by the overtaking vehicle.
§ 75. Limitations on passing on the left
No vehicle shall be driven to the left side of the center of the highway in overtaking and passing another vehicle *313 proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken. In every event the overtaking vehicle must return to the right-hand side of the roadway before coming within one hundred feet of any vehicle approaching from the opposite direction.
Verrett and one of his passengers testified that Verrett had already begun the passing maneuver when defendant made his left turn. Verrett applied his brakes and turned to the left in an attempt to avoid a collision, but skidded sideways into defendant’s vehicle. We cannot discover any negligence on Verrett’s part. Defendant has propounded the theory that Verrett was not engaged in a passing maneuver but was, rather, merely following too closely behind defendant at high speed, as evidenced by the skid marks made by Verrett’s car. The skid marks, however, were consistent with the testimony of Ver-rett and his passenger. The jury clearly believed Verrett’s account of the accident, as opposed to defendant’s version. The findings of the trier of fact are accorded great weight and will not be disturbed absent manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We find no manifest error in the trial court’s rulings or the jury’s findings and therefore hold that Verrett was not contributorily negligent.
DECREE
For the reasons assigned the judgment of the trial court is affirmed. Costs of appeal are assessed to defendant.
AFFIRMED.