HOOD, Judge.
Plaintiff, Pratt G. Hayes, instituted this action for damages for personal injuries sustained by him as the result of an automobile accident. He contends that the sole proximate cause of the accident was the negligence of the driver of a truck owned by the Tom C. Lofton Construction Company. The suit was instituted against The Travelers Indemnity Company, the liability insurer of the truck. Judgment was rendered by the trial court in favor of plaintiff, and defendant has appealed.
Defendant contends that the trial judge erred in concluding that the driver of the insured truck was negligent, and in finding that plaintiff was not barred from recovery by his own contributory negligence.
The accident occurred at about noon on October 6, 1966, on Louisiana Highway 99, about five miles north of the Town of Welsh, Louisiana. The highway at that point is a black-topped, two-lane, straight, level road, which runs north and south. The hard surfaced portion of the highway is about 18 feet wide, with a center line dividing the two lanes of traffic. The shoulders on each side of the road are covered with grass and they slope from the outer edge of the pavement down to a ditch located about 10 or 12 feet from the hard surfaced slab. The weather was clear when the collision occurred.
Immediately prior to the time the accident occurred, plaintiff, a State Trooper, was driving an automobile owned by the *121 State of Louisiana in a southerly direction on the above mentioned highway. Ahead of him, travelling south on the same highway, was a flat bed truck owned by Lofton and being driven by an employee, Frank D. Laird. When the truck reached a point near Jackie Cormier’s Grocery Store, located on the east side of the highway, plaintiff caused his car to move into the passing lane of traffic in order to overtake and pass the truck. While engaged in this passing maneuver, Hayes observed for the first time that the driver of the truck intended to make a left turn. Immediately after making this observation, and in an effort to avoid a collision, plaintiff veered his car sharply to the right and caused it to go around the right side of the truck. He succeeded in avoiding a collision with the truck, but when his automobile reached the west shoulder of the road it began skidding sideways along the shoulder. After skidding past the truck on the shoulder, the car then travelled across the highway at about a 45 degree angle and collided with a concrete culvert located on the east side of that thoroughfare.
The grocery store, which is located on the east side of the road near the scene of the accident, is set back several feet from the highway, and there is a semicircular driveway or parking lot in front of the store. This driveway or parking lot has a frontage of about 90 feet on the highway. Five or six homes are located in that vicinity, and a private driveway leading from the highway to one of these homes on the east adjoins the highway at a point about 74 feet south of the extreme south edge of the semicircular driveway. The concrete culvert which plaintiff’s car struck was located at the last mentioned private driveway.
Plaintiff testified that he first noticed the truck when it was one-half mile ahead of him, that as he overtook it he observed that the truck was being driven at a very slow rate of speed, and that he also reduced his speed. He saw no hand or turn signals of any kind being given by the truck driver, however, so he sounded his horn and drove into the passing lane of traffic. He testified that while he was in the passing lane of traffic, and was about 30 or 40 feet behind the truck, the driver of that vehicle “started to make a left turn into a grocery store,” that the truck crossed and “just kinda straddled” the center line, and that the driver of the truck “had enough of it [the left or passing lane of traffic] blocked to where I couldn’t get around him on that side.” He stated that since it was impossible for him to pass the truck on the left side, he applied his brakes and turned to his right to go around the right side of the truck.
Laird, the driver of the truck, testified that shortly before the accident occurred he had stopped the truck at Cormier’s Grocery Store to make a purchase, that after completing the purchase he drove his truck back on the highway at the south edge of the driveway, but that before he entered the highway he looked in both directions and determined that no traffic was approaching within a distance of at least one mile. He stated that immediately after he entered the highway he gave a hand signal indicating that he intended to make a left turn into a private driveway located a few feet south of the grocery store parking area, that after he gave that hand signal he heard tires squealing behind him, and that he then saw plaintiff’s car skid by him on the west shoulder of the road. He testified that he did not begin a left turn and that no part of his truck crossed the center line of the highway before the accident occurred. He estimated that he was driving about five miles per hour after he left the grocery store, that he was 40 or 50 feet from the private driveway into which he expected to turn when he first gave the hand signal, and that the accident occurred within 10 or 15 seconds after he left the grocery store parking lot.
The evidence shows that the truck which Laird was driving was not equipped with functioning brake lights or directional signal lights, and there was no outside rear- *122 view mirror on the truck. There was an inside rearview mirror, but the evidence indicates that the view of the driver to the rear through that mirror was obstructed by a large reel of rope which the truck was transporting. In any event, the driver of the truck concedes that he did not see plaintiff’s car behind the truck and he did not know that a vehicle was following him until he heard the tires of the car squealing.
The truck was equipped with a “headache rack,” made principally of pipes and located immediately behind the cab of that vehicle. The purpose of this rack is to prevent a load on the truck from sliding forward on the cab in the event of a sudden stop. This headache rack is several inches wider than the cab, and the evidence shows that when the driver extends his arm full length out the left window of the cab only about 10 inches of the hand and arm would be visible to a following driver.
The highway on which these vehicles were being driven was not intersected by a public road at any point in that vicinity, and there were no signs or markers on or along the road warning of danger or that extra caution should be observed. The legal speed limit on that highway at that point was 60 miles per hour.
The trial judge accepted generally plaintiff’s version of the facts. He concluded that the driver of the truck commenced making a left turn on the highway about the time he reached the north edge of the semicircular driveway or parking lot of the grocery store, that the truck crossed the center line of the highway and that it blocked the left or passing lane of traffic while plaintiff was engaged in a passing maneuver. He concluded that the truck driver gave a hand turn signal, but he held that the signal was given at the same time as Laird began making a gradual left turn, and that the signal thus was not timely given and was of no benefit to the driver of the overtaking vehicle. On these facts, the trial court held that Laird, the driver of the insured truck, was negligent and that his negligence was a proximate cause of the accident.
Applicable here is the established rule that the trial judge’s findings of fact, particularly those involving the credibility of witnesses testifying before him, are entitled to great weight on appeal, and his conclusions as to the facts will not be disturbed unless found to be clearly erroneous. Gulf Machine Shop v. Poynter, 192 So.2d 606 (La.App.3d Cir.1966). We find no error in the factual conclusions reached by the trial judge in the instant suit.
A motorist who attempts a left turn on a public highway is required to ascertain in advance that the way is clear and that the turn can be made safely and without endangering overtaking or oncoming traffic. His failure to make such a determination and to exercise the required degree of caution constitutes negligence. Wesley v. Home Indemnity Company, 245 La. 133, 157 So.2d 467 (1963); McCann v. Mercer, 191 So.2d 150 (La.App.3d Cir.1966).
We agree with the trial judge in this case that the driver of the truck was negligent in attempting to make a left turn on the highway without first ascertaining that such a maneuver- could be made safely. His negligence in that respect was a proximate cause of the accident.
We now turn to the question of whether plaintiff is barred from recovery by his own contributory negligence. Defendant’s principal argument is that plaintiff was negligent in driving at an excessive rate of speed and in failing to exercise reasonable care as he overtook and attempted to pass the truck.
Plaintiff testified that he was driving at a speed of about 55 miles per hour as he approached the truck, and that he reduced his speed to about 50 miles per hour before he entered the passing lane of traffic and started to go around the lead vehicle. Laird testified that as plaintiff’s car was *123 skidding on the west shoulder of the highway, before it re-crossed the road and collided with the culvert, he estimated that it was travelling at a speed of 30 miles per hour.
The evidence shows that plaintiff’s car travelled a distance of 213 feet from the point where it first left the pavement to the point where it struck the culvert. The investigating officer estimated that it skidded sideways on the grass covered shoulder of the highway about one-half that distance, and that it rolled on its wheels the remaining part of that total distance. They stated that the car left “tire marks” on the pavement before it left the highway initially and again as it-re-crossed the road, but that no skid marks at all were left on the hard surfaced part of the highway. The car struck the culvert with sufficient force to cause substantial damages to the car, the estimated repair bill being about $800.00.
The trial judge concluded that plaintiff’s car was being driven at a speed in excess of 60 miles per hour as the passing maneuver was begun. He held, however, that plaintiff’s negligence in exceeding the legal speed limit was not a proximate cause of the accident and thus it did not constitute contributory negligence. The trial judge’s conclusion as to the speed at which plaintiff was driving obviously was based on the distance his car travelled after he left the highway initially and the force with which he apparently struck the culvert.
The evidence does not convince us, as it did the trial judge, that plaintiff was driving in excess of the legal speed limit as he approached the truck. A determination of that factual issue is unnecessary, however, because we agree with the trial judge that even if plaintiff was negligent in exceeding the speed limit his negligence in that respect was not a proximate cause of the accident. We think the accident would have occurred if plaintiff had been driving at the legal speed limit, or even at a speed of 50 miles per hour as he contends he was driving.
Defendant argues further that plaintiff was negligent in failing to observe the truck driver’s hand turn signal soon enough to avoid an accident. The trial judge found, and we agree, that the turn signal was given by the truck driver at the time he began making his left turn and while plaintiff was engaged in the passing maneuver. The hand signal given by Laird was ineffective as a warning, therefore, and we find that plaintiff was not negligent in failing to observe it sooner.
It is argued also that even if the turn signal was ineffective as a warning, plaintiff was negligent in failing to observe timely from other circumstances that the driver of the truck was about to violate a traffic law, or in failing to exercise reasonable care in an effort to avoid an accident after that observation was made.
Defendant points out that the truck was being driven at a speed of only five miles per hour as plaintiff overtook it, that the accident occurred near a group of houses and a store, and that plaintiff acknowledged in his testimony that he felt that the truck driver was “about to do something.” These circumstances, it is argued, served as a sufficient warning to plaintiff that the truck driver might make a left turn, and plaintiff thus was negligent in attempting to pass the truck at a relatively high rate of speed in spite of that warning.
We agree with defendant that the established general rule of law is that the driver of a motor vehicle is prohibited from following another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway. LSA-R.S. 32:81 (A) and Burns v. Evans Cooperage Company, 208 La. 406, 23 So.2d 165 (1945).
This general rule, however, does not prohibit a motorist from overtaking and passing a vehicle which is being driven in the same direction ahead of him. On the contrary, the law specifically authorizes the *124 executing of such a passing maneuver. See LSA-R.S. 32:73; Merritt v. Southern Farm Bureau Casualty Insurance Company, 199 So.2d 594 (La.App.3d Cir.1967). Each case, however, depends upon its own facts and circumstances, and in determining whether the driver of the overtaking vehicle was negligent the court may consider, inter alia, such factors as speed, traffic, weather, the condition of the highway and the place where the accident occurred. Plaisance v. Maryland Casualty Company, 169 So.2d 695 (La.App.1st Cir.1964).
In the instant suit plaintiff testified that he observed the slow speed at which Laird was driving the truck and the fact that there were several private driveways intersecting the road in that locality. He even thought of the possibility that the truck might make a left turn. He testified, however, that he reduced his speed, and considered all circumstances, including the fact that no signal or indication of a left turn was being given by the truck driver, that the vehicle ahead of him was a truck used in construction work and that no construction work was being done in that immediate vicinity, that he could conceive of no reason why such a truck would be turned into a driveway leading to a private home, and that large trucks frequently are driven on highways at slow rates of speed. After considering all of these matters, he concluded that the driver of the truck did not intend to make a turn or to cross the center line of the highway, and he thereupon moved into the passing lane of traffic and endeavored to overtake and pass the truck.
Our review of the facts convinces us, as it did the trial judge, that plaintiff was not negligent in failing to detect before beginning his passing maneuver that Laird intended to make a left turn. We agree with the trial judge, therefore, that plaintiff was free from contributory negligence.
No issue has been raised on this appeal as to the amount of the award.
For the reasons herein assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellant.
Affirmed.