DOMENGEAUX, Judge.
Plaintiff Charlie A. Elliott, a house mover, filed suit against defendant Joe Doyle Wallace for the sum of $1250.00, alleging that sum to be the contract price for moving defendant’s frame structure from its location on South Ruth Street to Ethel Street in the City of Sulphur, Louisiana. Defendant answered, admitting that plaintiff had moved the building for the sum of $1250.00 but filed a reconventional demand for $4500.00 representing damages for the repair of the structure caused by rain after the structure was cut to facilitate moving, and left uncovered and unattended.
The trial judge, concluding that plaintiff sustained the burden of proving his claim, and that defendant failed to prove his reconventional demand, held for plaintiff in the amount sued for and dismissed defendant’s reconventional .demand.
Defendant has appealed suspensively to this court.
*832 The evidence shows that defendant purchased a church building situated on Ruth Street in the City of Sulphur, Louisiana and hired plaintiff to move it to another location. The overall length of the building was substantially longer than plaintiff’s 55 foot trailer and defendant was to remove an attached room which was between nine and 14 feet long, so as to accommodate the trailer. Notwithstanding, the defendant failed to do this, and the building was loaded on plaintiff’s trailer. Although it is not altogether clear, it appears that plaintiff’s foreman, through the prodding of defendant, agreed to try to move the building without detaching the annex referred to. As the moving proceeded, the trailer broke down on three occasions, obviously due to the excessive weight, length and improper balance of the load. Plaintiff and defendant, after the third breakdown, discussed what was to be done.
At this point, at the insistence of plaintiff, it was agreed that the building would be cut in two and each part moved separately. However, there is a serious dispute as to who was to assume the responsibility for cutting the building and for protecting it from any damages that might be caused by rain.
Plaintiff house mover testified that he told the defendant that he (defendant) would have to cut the east section off of the building as they had originally agreed. The defendant did not want to do this, and asked whether or not it could be cut in half without additional charge. Plaintiff said this could be done, but if so, the defendant would have to do the cutting and assume all responsibility for damages resulting from this action and also to cover the openings. Plaintiff further says that he finally consented to cut the structure because defendant was unable to find anyone to do the job, however, it was understood that plaintiff would then only move and place the two sections together on the designated lot, and further that defendant would have to complete the tie-in and assume responsibility for whatever occurred. Defendant testified that he told plaintiff it would be all right for him to cut the building in two if there was no way to move it in one piece, but said that was all he agreed to at that time.
Plaintiff’s testimony is confirmed by Edward Duhon, his foreman. The state trooper who escorted the building on the move, recalled a conversation between the plaintiff and the defendant in which the defendant agreed to cut the building. The trooper also recalled that the defendant later informed plaintiff that he was unable to find anyone to cut the building, at which time the plaintiff agreed to cut it but said that he would not put it together again.
There is evidence in the record to the effect that it is customary in house moving operations for the owner to assume responsibility for covering and protecting a house from the elements when it is cut in two and moved.
The structure was left unattended for a substantial time, the reasons for which need not be gone into in view of our conclusion stated hereinafter, and was damaged to some extent by rain. Nevertheless it was ultimately deposited in its two sections on the designated lot and the defendant has converted it into a residence.
The trial court was presented with a direct conflict between the testimony of the plaintiff and the defendant as to whether or not the latter assumed responsibility for the damages that might be sustained in cutting the structure in half and placing it on the lot. It concluded that the preponderance of the evidence was to the effect that the defendant agreed to cut the building himself and also assume responsibility for covering the open parts.
Applicable here is the established rule that the findings of fact of the trial court, particularly those involving the credibility of witnesses testifying before him are entitled to great weight on appeal, and his conclusions as to those facts will not be disturbed unless found to be manifestly erroneous. Gulf Machine Shop v. Poynter, La.App., 192 So.2d 606; Hayes *833 v. Travelers Indemnity Co., La.App., 213 So.2d 119. We find no such error on the part of the trial court.
We do not find it necessary to consider whether plaintiff was a depository under Articles 2928, et seq. of the Louisiana Civil Code as suggested by appellant. In view of our findings affirming the trial court’s conclusion as aforementioned, the defendant assumed the risk that it might rain in the building when he agreed to accept the responsibility for covering the openings, so that his failure to abide by his agreement leads to the necessary conclusion that any damages which he suffered because of his own fault are damnum absque injuria.
For the above and foregoing reasons the judgment of the trial court is affirmed at appellant’s costs.
Affirmed.