FRUGÉ, Judge.
This is a tort action for the recovery of damages brought by plaintiff against Karl Weill, his wife, Florence, and their insurer, State Farm Mutual Automobile Insurance Company. Plaintiff allegedly sustained personal injuries when she allegedly was struck by a vehicle driven by defendant, Florence Weill. From a judgment in favor of the defendants, plaintiff has appealed. We affirm.
The plaintiff, Lillie M. Joseph, was one of the group of pickets walking on North Lyman Street at a point just south of the Highway 14 by-pass in the City of Abbe-ville. Plaintiff alleged that she was struck by an automobile driven by the defendant when she was walking on the shoulder of the street. The trial judge in his written reasons observed that the witnesses for the plaintiff were reluctant to testify and were unsure of what exactly happened. The court found that the evidence presented by the defendant was more plausible and therefore worthy of belief and found that the plaintiff had failed to prove her case by a preponderance of the evidence.
The facts as stated by Mrs. Weill are that she turned the corner onto North Lyman Street, she saw the pickets marching across the street. She decelerated her vehicle to a point where “it wasn’t even registering mileage”. The plaintiff, together with the other pickets, continued to march toward her with the plaintiff in the middle, facing defendant. When the plaintiff reached the auto, she lunged to the side of the road. Although Mrs. Weill admits that it is possible that there was contact between the plaintiff and her automobile, she was positive that her car never left the pavement and that plaintiff was facing her at all times, and that she continued walking toward her. Mrs. Weill then continued on and turned into the parking lot of a grocery store.
The testimony of the plaintiff’s witnesses is that they were walking in a clockwise, circular direction near the by-pass and that the plaintiff was with them. None were able to describe exactly how the accident happened. One witness, in fact, admitted that he had not seen the accident at all. The other witnesses were unable to say which direction the plaintiff was walking at the time of the accident. The investigating officer was unable to give any independent evidence due to the fact that there were no skid marks or other indication of where the impact had occurred. The investigating officer could offer only a summarization of the witnesses’ statements.
The testimony of the plaintiff’s witnesses, contrasted with the testimony of the defendant, Mrs. Weill, is clearly insufficient to prove plaintiff’s case by a preponderance of the evidence. The evaluation of the credibility of the witnesses is peculiarly within the trial judge’s domain. The findings of fact of the trial judge are entitled to great weight on appeal. Especially when dealing with the evaluation of credibility of witnesses, findings of fact will not be disturbed unless manifestly erroneous. Elliott v. Wallace, 251 So.2d 831 (La.App. 3rd Cir., 1971). We find no manifest error herein.
For the above and foregoing reasons, we affirm the judgment in the lower court. Appellant to pay all costs of this appeal.
Affirmed.