GULOTTA, Judge.
Plaintiff seeks reversal of a judgment-dismissing her suit for property damage and personal injuries as a result of an automobile accident. We affirm.
Plaintiffs version is that on October 22, 1970, at approximately 1:00 p. m., she had exited from a shopping center parking area in the 800 block of Veterans Highway in Jefferson Parish and had traveled approximately 170 feet in a westerly direction in, the left, or neutral ground, lane[1] whereupon her vehicle was struck in the rear by defendant’s automobile at a point approximately 50 feet east of the intersection of Veterans and Martin Behrman Avenue.
Defendant’s version, on the other hand, is that he had been traveling westerly (in the same direction as plaintiff) on Veterans Highway between 30 and 40 miles per *924 hour[2] in the left, or neutral ground, lane when plaintiff’s automobile moved from the center lane at an angle directly in front of him into his lane of traffic.[3] This negligence of' plaintiff, according to defendant, caused an emergency, thereby making defendant’s striking of plaintiff’s vehicle unavoidable. Defendant further claims he actually struck plaintiff’s automobile in the left rear while plaintiff was negotiating a left turn after having crossed into his lane of traffic.
The trial judge, in written reasons, stated that the defendant was operating his automobile while under the influence of intoxicants and was negligent “in failing to see plaintiff’s vehicle sooner than he did and in failing to take appropriate steps to avoid the collision.” He further found plaintiff guilty of contributory negligence by “cutting across three lanes of traffic without maintaining a proper lookout and in failing to discern approaching traffic in the left lane of traffic.”
While defendant’s negligence is placed in issue, we find it unnecessary to consider this question because the record supports the trial court’s finding of plaintiff’s contributory negligence which bars her recovery. Jones v. Firemen’s Insurance Co. of Newark, N. J., 240 So.2d 780 (La.App. 2nd Cir. 1970) ; Comeaux v. State Farm Mutual Automobile Ins. Co., 231 So.2d 674 (La.App. 1st Cir. 1970).
The only eye witnesses to this accident were plaintiff and defendant. The trial judge accepted defendant’s version that plaintiff’s vehicle traversed three lanes of traffic and cut directly in front of him into his (defendant’s) lane of traffic. This a credibility call by the trial judge.
It is well settled in our jurisprudence in such instances that great weight is given on appeal to findings of fact of the trial court, particularly those involving credibility of witnesses and will not be disturbed unless found to be manifestly erroneous. Elliott v. Wallace, 251 So.2d 831 (La.App. 3rd Cir.); Grinnel Mutual Reinsurance Company v. Rich, 251 So.2d 450 (La.App. 1st Cir. 1971). We cannot say under the circumstances in this case that the trial judge committed such error.
We finally find no merit to plaintiff’s suggestion that the matter be remanded for the introduction of newly discovered evidence, i. e., photographs of the automobile by which plaintiff apparently intends to show the damage was caused to the rear, thereby corroborating her version that she was rear ended. There was no proper[4] showing that these photographs were not available to plaintiff at the time of trial. Indeed, quite to the contrary, plaintiff’s testimony indicated they were available at the time of trial, but she did not think they would be needed.
Finding no error, the judgment is affirmed.
Affirmed.

. Veterans High-way is a six-lane highway with three westerly traffic lanes and three easterly traffic lanes separated by a neutral ground.

. Defendant testified the speed limit is 35 miles per hour.

. Defendant testified plaintiff was about 20 feet in front of him when plaintiff crossed at an angle into his lane.

. The record contains a letter written to the trial judge after trial purportedly from the plaintiff in which she states the photographs had been misplaced with some papers and had been recently found. The letter was dated May 9, 1973. Judgment was rendered on May 10, 1973. A motion for new trial filed on May 17, 1973 failed to assign as a reason for a new trial that there was newly discovered evidence. The motion was denied on July 3, 1973.