671 So.2d 1112 (1996)
Steven GUILLORY, Plaintiff-Appellant,
v.
INSURANCE COMPANY OF NORTH AMERICA, et al., Defendants-Appellees.
No. 95-1500.
Court of Appeal of Louisiana, Third Circuit.
April 3, 1996.
*1113 Richard R. Kennedy, Lafayette, for Steven Guillory M.D.
David Roy Dugas, Charles Collins Garrison, New Iberia, for Insurance Company of North America.
John Donellan Fitzmorris Jr., New Orleans, for Texaco Trading and Transportation.
Before YELVERTON, COOKS and DECUIR, JJ.
DECUIR, Judge.
In this tort case, the plaintiff, Steven Guillory, M.D., appeals a jury verdict finding him 20% at fault in causing an accident between his vehicle and a tractor trailer owned, operated, and insured by defendants, Texaco Trading & Transportation, Inc., Louis Richard, and Insurance Company of North America respectively. In addition, Guillory appeals the jury's award of $100,000 in special damages.

FACTS
This is a case about an accident involving a Toyota Celica Supra and tractor trailer rig. Both vehicles were traveling in the same direction on 1-10 when the operator of the truck suddenly changed lanes trapping the Toyota in the undercarriage of the truck dragging it for some distance and eventually knocking the crushed vehicle off the roadway.
Steven Guillory, an emergency room physician, was the driver of the Toyota. Guillory sustained a complete tear of his left knee's anterior cruciate ligament, permanently damaged his right median nerve, and has since been diagnosed with Meniere's syndrome and major depression. The left knee will require surgery in the future, the median nerve has *1114 reached maximum medical improvement though it remains permanently impaired. Guillory's Meniere's syndrome had shown some improvement after surgery, but both it and his depression require ongoing treatment. None of these injuries or illnesses were symptomatic prior to the accident.
Since the accident, Guillory has lost privileges at all but one of the hospitals where he practiced due to his physical and psychiatric injuries. His treating physicians are of the opinion that he should no longer practice medicine. While Guillory continued to work for several years after the accident, his earnings remained level despite major increases in income for emergency room physicians nationwide. At the time of trial, Guillory was no longer practicing emergency room medicine, instead he was doing part time clinical work generally relegated to nurses.
After trial, the jury found that Guillory was 20% at fault in causing the accident, and awarded him general damages in the amount of $150,000 and special damages of $100,000. The apportionment of fault and the special damage award are the subjects of this appeal.

APPORTIONMENT OF FAULT
Guillory contends that the jury erred in finding that he was 20% at fault in causing the accident in which he was injured. We agree.
Appellate courts have a constitutional duty in civil cases to review the law and the facts thoroughly. La. Const. art V, § 10(B) and (C); Ambrose v. New Orleans Police Dept. Ambulance Serv., 93-3099, 93-3110, 93-3112 (La.7/5/94); 639 So.2d 216. A court may not set aside a finding of fact absent manifest or clear error, Stobart v. State, Through Dept. of Transp. and Dev., 617 So.2d 880 (La.1993), nor may it affirm the finding merely because it finds "some reasonable evidence" to support it. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The manifest error rule applies to a review of the fact finder's apportionment of fault. Lirette v. State Farm Ins. Co., 563 So.2d 850 (La. 1990).
Under Louisiana law, the left-turning motorist and the overtaking and passing motorist must exercise a high degree of care because they are engaged in dangerous maneuvers. Neal v. Highlands Ins. Co., 610 So.2d 177 (La.App. 3 Cir.1992), writ denied, 612 So.2d 100 (La.1993).
The duties imposed upon a driver turning left are found in La.R.S. 32:104. These duties are equally applicable to a motorist changing from the right to left lane. See Blanchard v. Hardware Mut. Cas. Co., 153 So.2d 517 (La.App. 1 Cir.1963). Under the statute, the truck driver was required to give a signal of his intent to make a lane change at least 100 feet before executing the move. In addition, the truck driver was required to make a proper observation that the lane change could be made without endangering a passing vehicle. Kilpatrick v. Alliance Cas. Reinsurance, 95-17 (La.App. 3 Cir. 7/5/95); 663 So.2d 62, writ denied, 95-2018 (La.11/17/95); 664 So.2d 406. The fact that the truck driver made a signal is, therefore, immaterial if at the time the driver of the truck did not have the opportunity to complete the maneuver in safety. Id.
Finally, in a vehicular collision case the plaintiff is entitled to a presumption of the defendant's negligence when the plaintiff proves the defendant executed a left-hand turn and crossed the center line between lanes at the time of impact. Thomas v. Champion, Ins. Co., 603 So.2d 765 (La.App. 3 Cir.1992). The burden is, therefore, heavy on a motorist who desires to make a left turn to explain how the accident occurred and show he is free of negligence. Miller v. Leonard, 588 So.2d 79 (La.1991).
The passing motorist's duty is set forth in La.R.S. 32:73 and 32:75. Relying on these statutes, the jurisprudence has held that the driver of the following or overtaking vehicle must be alert to the actions of the motorists preceding him on the highway. Kilpatrick, 663 So.2d 62. The driver of an overtaking or passing vehicle has the duty to ascertain before attempting to pass a preceding vehicle that from all the circumstances of traffic, lay of the land, and conditions of the roadway, the passing can be completed with *1115 safety. Palmieri v. Frierson, 288 So.2d 620 (La.1974).
At the outset, we note that the jury was presented contradictory and irrelevant testimony regarding the speed of Guillory's vehicle and the location of the vehicle at the time of impact. Regardless of whether Guillory was negligent in exceeding the speed limit, his negligence in that respect was not a proximate cause of the accident. See Hayes v. Travelers Indemnity Company, 213 So.2d 119 (La.App. 3 Cir.1968). In other words, Guillory's duty not to exceed the speed limit did not encompass the risk that a driver executing an improper lane change would crush his vehicle.
As we noted previously, by turning on his turn signal the truck driver only executed half of the requirement for making a lane change. Kilpatrick, 663 So.2d 62. In the present case, the truck driver admitted that he saw Guillory's vehicle and then looked forward and turned on his signal. He then, began his lane change without ever checking Guillory's position again. Despite much argument over whether Guillory was even with the tractor's rear wheels or the trailer's rear wheels, it is undisputed that Guillory was beside the rig when it ran over his Toyota.
Accordingly, after carefully examining the record in light of the well-established jurisprudence, we find that the jury's allocation of 20% fault to Guillory is not supported by the record and was manifestly erroneous. It is clear that the only person who could have avoided this accident was the truck driver. Therefore, we find that the truck driver, Louis Richard, was totally at fault and will recast the judgment accordingly.

SPECIAL DAMAGES
Guillory next contends that the jury's award of $100,000 in special damages is abusively low in light of the evidence that he is unemployable, the amount of his past and future medical expenses, past wage losses, and loss of earning capacity.
The manifest error rule governs the review of awards for loss of earning capacity. Detraz v. Hartford Accident & Indemnity Co., 94-708 (La.App. 3 Cir. 12/7/94); 647 So.2d 576. The appellate question is not whether a different award may have been more appropriate, but whether the trial court's award can be reasonably supported by the record. Id.
In a personal injury case, the plaintiff bears the burden of proving the existence of injuries and the causal connection between them and the accident. The test is whether the plaintiff has shown through medical testimony that more probably than not the subsequent medical treatment was necessitated by the trauma suffered in the accident. Petersen v. State Farm Auto Ins. Co., 543 So.2d 109 (La.App. 3 Cir.), writ denied 546 So.2d 1223 (La.1989).
Applying these precepts to this case, we find Guillory clearly met his burden of proving the injuries to his median nerve and anterior cruciate ligament by medical testimony. Likewise, the testimony regarding his psychiatric treatment supports a finding that at the very least his depression was aggravated by his physical injuries caused by the accident. The testimony regarding his Meniere's syndrome, however, fails to sufficiently support a finding that this injury was caused or aggravated by the accident.
In the present case, the jury awarded $100,000 for past medicals, future medicals, past lost wages and loss of earning capacity. Guillory proved past and future medical expenses of $80,301.53. This figure was never seriously disputed by the parties. Despite major argument between the parties regarding past wage losses, it is evident from the record that Guillory's income remained level in the years following the accident despite the hourly rate for emergency room physicians increasing from an average of $68 per hour to an average of $100 to $125 per hour during the period. Clearly, Guillory's lost wages for the period exceed the less than $20,000 left in the jury award after allocation of past and future medical expenses. In fact, Guillory's lost past wages are more than nine times that amount. Based on these considerations alone, we find that the jury's award of $100,000 is abusively low.
After an appellate court has determined that the trier of fact has abused its *1116 discretion in making an award, the appellate court may disturb the award, but only to the extent of lowering it (or raising it) to the highest (or lowest) point that is reasonable within the sound discretion afforded the court. Jaffarzad v. Jones Truck Lines, Inc., 561 So.2d 144 (La.App. 3 Cir.), writ denied, 565 So.2d 450 (La.1990). With this principle in mind we will examine the issues of past and future lost wages.
As we indicated above, Guillory's wages remained level and then disappeared in the years following the accident despite increases in emergency room physician wages throughout the country. The jury's award of less than $20,000 to cover lost wages during the period is woefully inadequate. Keeping in mind that our award is limited to the lowest reasonable award within the jury's discretion, we find that Guillory's past lost wages as a result of the accident are $188,000.
Turning to the issue of lost earning capacity, we note that earning capacity is not necessarily determined by actual loss; damages may be assessed for deprivation of what the injured plaintiff could have earned despite the fact that he may never have seen fit to take advantage of that capacity. Folse v. Fakouri, 371 So.2d 1120 (La.1979). Accordingly, defendants' elaborate arguments on the possible burnout of emergency room physicians are not overly persuasive.
Having found that the jury abused its discretion, we must now determine the appropriate award for lost earning capacity. Accordingly, we will raise Guillory's award for lost future earning capacity to the lowest amount that we find would have been in the discretion of the trier of fact. Our review of the record in this case convinces us that the lowest award appropriate under the circumstances is $750,000.
Accordingly we amend the jury's award of $100,000 in special damages to increase it to $1,018,301.50.

DECREE
For the foregoing reasons, the judgment of the trial court is reversed insofar as it finds Steven Guillory 20% at fault in causing the accident and judgment is hereby rendered finding Louis Richard 100% at fault. The judgment is amended to raise the jury's award of $100,000 in special damages to $1,018,301.50 together with legal interest from date of judicial demand and affirmed. All costs of this appeal are taxed to defendant Insurance Company of North America.
REVERSED IN PART; AFFIRMED AS AMENDED IN PART.