745 So.2d 636 (1999)
Bobbie WILEY, et vir., Plaintiffs Appellees,
v.
SAFEWAY INSURANCE COMPANY, et al., DefendantsAppellants.
No. 99-161.
Court of Appeal of Louisiana, Third Circuit.
July 14, 1999.
*638 David A. Johnson, Pineville, for Bobbie Wiley et vir.
M. Robert Voitier Jr., Carencro, for Safeway Insurance Co., et al.
BEFORE: THIBODEAUX, COOKS and PICKETT, Judges.
COOKS, Judge.
This matter stems from a traffic accident. Bobbie Wiley and her husband, Alvin, filed suit against Antonio Bruins and his insurer Safeway Insurance Company. Immediately before trial, Safeway tendered its policy limits of $10,000.00 to the Wileys. After trial, the Pineville City Court found Antonio Bruins 100% at fault in causing the accident, and awarded the Wileys an additional $3,792.50 in damages, together with rental car expenses of $1,207.50, attorney fees of $5,000.00, and $1,000.00 as penalty for Safeway's failure to pay them reasonable expenses for alternative transportation. Safeway appealed assigning as errors the trial court's allocation of fault, measure of damages for lost use of plaintiff's car and the award of penalties and attorney's fee against it. For the following reasons, we affirm in part and reverse in part.

Facts
On December 4, 1997, a clear dry day, Antonio Bruins was driving his father's 1984 Cadillac in Pineville, Louisiana. He was driving approximately 30 miles per hour (the posted speed limit was 35 miles per hour) on a four lane street with two opposing lanes for each direction. The street did not have a median dividing the opposing lanes of traffic. Bruins testified as he approached an intersection, he applied his brakes and they failed. In the opposing left-hand lanes of traffic, two vehicles were oncoming. In one of the left-hand lanes was a pick-up truck and slightly behind it in the other left-hand lane was an Oldsmobile sedan driven by Bobbie Wiley. On the right of the street was a ditch, and at the intersection ahead, a car was stopped at the red traffic light. Bruins attempted to "shoot the gap" between a pick-up truck and the Wiley's Oldsmobile and to steer his vehicle onto a dirt embankment on the opposing lane's shoulder. At trial, Bruins testified he believed the ditch along side the right-hand land was too deep and might have caused him injury if he drove into it. Further, Bruins testified he did not want to run into the back of the car stopped at the light because it may have had a child in the safety-seat.
Bruins' maneuver into the opposing lane of traffic startled the driver of the oncoming pick-up truck who immediately braked and caused the gap between his truck and the trailing Oldsmobile to close. Bruins glanced off the rear of the pick-up into the front of the Oldsmobile, essentially striking it head-on. Immediately after the accident, Bruins walked over to the Oldsmobile and told Bobbie Wiley his brakes failed. The investigating officer corroborated the brake failure, testifying that the brake pedal went to the floor when he tested it at the scene of the accident. The collision "totaled" the Wiley's Oldsmobile, and the Wiley's were forced to rent transportation, which they did for fifty-nine days.

Allocation of Fault
Bruins and Safeway assert the trial court erred in finding Bruins at fault for causing the accident. They argue the accident resulted from defective brakes, which suddenly and without warning, failed as Bruins was approaching the intersection.
Ordinarily, in a personal injury case, the plaintiff bears the burden of proving the existence of injuries and the casual connection between them and the accident. Ferrell v. Fireman's Fund Ins. Co., 94-1252 (La.2/20/95); 650 So.2d 742; Guillory v. Insurance Co. of North America, 95-1500 (La.App. 3 Cir. 4/3/96); 671 So.2d 1112. However, when a defendant motorist leaves his own lane and strikes another vehicle the plaintiff is entitled to a presumption that the defendant was negligent. *639 Id. "In such a case, the burden of proof on such defendant motorist is to show that he was not guilty of any dereliction, however slight." Id., citing Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978); Simon v. Ford Motor Co., 282 So.2d 126 (La.1973); Rizley v. Cutrer, 232 La. 655, 95 So.2d 139 (1957). This burden of proof is imposed because, "it seems only reasonable ... that a motorist owes ... the duty of remaining in his own lane...." Ferrell, 650 So.2d at 746, citing Rizley, 95 So.2d at 142. Moreover, if the trespassing motorist attempts to exonerate himself by claiming a latent defect, the proof must be so strong it excludes any other reasonable hypothesis except the accident resulted solely from the alleged defect. If the accident is attributed to a vehicle's latent defect, the driver must provide objective and convincing evidence, other than his own testimony, against which his "degree of innocence of fault" can be measured. Ferrell, 650 So.2d at 747, citing King v. Louviere, 543 So.2d 1327 (La.1989); Simon v. Ford Motor Co., 282 So.2d 126 (La.1973). The driver must also establish he was not aware of the defect, and it could not reasonably have been discovered and remedied by a proper inspection. Cartwright v. Firemen's Ins. Co. of Newark, New Jersey, 254 La. 330, 223 So.2d 822 (1969); Littleton v. Arrow Food Distributor, Inc., 224 So.2d 131 (La.App. 3 Cir.1969).
In the present case, the trial court determined by a preponderance of evidence liability was clearly proven and the accident was the fault of the Antonio Bruins. In its reasons for judgment, the court concluded, "although there was evidence introduced that the defendant's brakes failed, ... it was not the exercise of reasonable prudence for Antonio Bruins to cross over into the other lane and strike the plaintiff's car head-on.... defendant could have taken to the ditch." After carefully examining the record, we find it lacks any objective and convincing evidence supporting the defendant's claim that his vehicle's brakes suddenly failed. Aside from a police officer's testimony that the brake pedal "went to the floor" when tested after the accident, the record is devoid of any evidence offered to explain the brake failure, or tending to show a reasonable inspection would not have revealed the defect, or defendant lacked opportunity to remedy it.
Appellant brings this court's attention to the Supreme Court's holding in Hickman v. Southern Pacific Trans. Co., 262 La. 102, 105, 262 So.2d 385, 389 (1972), citing the following passage:
[O]ne who suddenly finds himself in a position of imminent peril, without sufficient time to consider and weigh all the circumstances or best means that may be adopted to avoid an impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about by his own negligence.
We find Hickman inapplicable to the present facts. Hickman involved a motorcycle accident which resulted after a truck pulled onto a highway in front of two oncoming motorcycles. The immediate action taken by the riders to avoid hitting the truck, was to veer sharply to the left. This maneuver caused the two motorcycles to strike each other, causing the accident. Hickman, 262 So.2d at 388. Appellant argues that Bruins' faced a similar emergency situation and should not be held liable for his actions. However, Bruins failed to prove the emergency was not caused by his own negligence in failing to detect and remedy the defect. Simply put, he failed to fully meet his burden of proof under the circumstances. We cannot disturb the trial court's allocation of fault.

Damage Award for Rental Car Expenses
It is well established in the jurisprudence that damages for the rental of a vehicle are recoverable, although not unlimited. Thomas v. Champion Ins. Co., *640 603 So.2d 765 (La.App. 3 Cir.1992); Rosenthal v. Mid-American Indem. Co., 572 So.2d 613 (La.App. 3 Cir.1990). We restate an earlier expression of this principle and limitation:
In those cases in which the wrecked vehicle is totally destroyed or its repair is not economically feasible, those damages [for rental car expenses] are recoverable only for a reasonable time, that period in which the owner becomes aware of the situation and secures a replacement therefor.
Washington v. Lake City Beverage, Inc., 352 So.2d 717, 722 (La.App. 3 Cir.1977), writ denied, 354 So.2d 1050 (La.1978). It is undisputed that Wiley's car was a total loss beyond feasible repair. Mr. Wiley became aware of this fact roughly a week after the accident, and approximately fifty-nine days elapsed from this time until Mr. Wiley replaced his wrecked vehicle. The Wileys are entitled to the damage incurred from car rental expenses for a "reasonable time." Exactly what is a reasonable time depends on the facts and circumstances of each individual case. Meshell v. Insurance Co. of North America, 416 So.2d 1383 (La.App. 3 Cir.1982). In Meshell, this court held that 60 days was a "reasonable time" for the plaintiff to replace the vehicle at issue, but in Thomas we found 378 days or fifty-four weeks was not, noting "given the facts of the case, two months, at most, was a `reasonable time.'"
In the present case, approximately three weeks elapsed before title to the wrecked vehicle was transferred to Safeway. The delay occurred because an error in the document granting power of attorney to Safeway needed correcting before the Department of Motor Vehicles would recognize the transfer. This delay prevented Safeway from issuing a check to the Wiley's for the property loss they sustained. The Wileys obtained a replacement vehicle approximately a week and one-half to two weeks after receiving the payment for their wrecked vehicle. Given the circumstances involved, we cannot say the trial court abused its discretion in finding fifty-nine days was a reasonable rental period in this case.

Penalties and Attorney's Fees
The trial court found Safeway violated La.R.S. 22:658(B)(4) by its failure to make payment of reasonable expenses incurred by the Wileys in obtaining alternative transportation. La.R.S. 22:658(B)(4) provides in pertinent part:
Whenever a property damage claim is on a personal vehicle owned by the third party claimant and as a direct consequence of the inactions of the insurer and the third party claimant's loss the third party claimant is deprived of use of the personal vehicle for more than five working days ... the insurer responsible for payment of the claim shall pay, to the extent legally responsible, for reasonable expenses incurred by the third party claimant in obtaining alternative transportation for the entire period of time during which the third party claimant is without the use of his personal vehicle. Failure to make such payment within thirty days after receipt of adequate written proof and demand therefore, when such failure is found to be arbitrary, capricious, or without probable cause shall subject the insurer to ... a reasonable penalty not to exceed ten percent of such reasonable expenses ... together with reasonable attorneys fees for the collection of such expenses.
As this provision is penal in nature, the statute must be strictly construed; and thus, its stipulated sanctions should be imposed only when the facts negate probable cause for non-payment. Cole v. State Farm Mut. Auto. Ins. Co., 427 So.2d 522 (La.App. 3 Cir.), writ denied, 433 So.2d 710 (La.1983). The burden is on the claimant to prove lack of probable cause, arbitrariness, or capriciousness. Broussard v. National Union Fire Ins., 94-1445 (La.App. 3 Cir. 4/5/95); 653 So.2d 816; Sibley v. Insured Lloyds, 442 So.2d 627 (La.App. 1 Cir.1983). A fact-finder's conclusion regarding statutory penalties and attorney's fees is in part a factual determination which should not be disturbed unless *641 it is manifestly erroneous. Cameron State Bank v. American Emp. Ins. Co., 401 So.2d 1090 (La.App. 3 Cir.), writ denied, 409 So.2d 674 (1981); LaHaye v. Allstate Ins. Co., 570 So.2d 460 (La.App. 3 Cir.1990), writ denied, 575 So.2d 391 (La. 1991).
We note when a reasonable disagreement exists between the insured and the insurer as to the rental obligation, the insurer's refusal to pay is not arbitrary, capricious, or without probable cause, and failure to pay all claimed expenses within the statutory delay does not subject the insurer to penalties. Sibley, 442 So.2d at 632. Insurance companies have a right to litigate questionable claims without being subjected to damages and penalties. Darby v. Safeco Ins. Co. of America, 545 So.2d 1022 (La.1989). Appellant contends, given the facts of this case, fifty-nine days was an unreasonable time period for Mr. Wiley to secure alternative transportation. Safeway obligated itself to pay the Wiley's rental expenses for thirty-two days and a few days later extended the rental reimbursement to cover thirty-nine days. Because we find jurisprudence supporting both parties' "reasonable time" contentions, Safeway's decision to litigate the issue was not arbitrary, capricious, or without probable cause. For this reason, we find the trial court abused its discretion in awarding penalties and attorney's fees. Accordingly, we reverse this portion of the ruling.

DECREE
For the above reasons, we affirm the trial court's judgement, except that portion awarding penalties and attorney fees. We reverse the awarding of penalties and attorney fees against Safeway. Costs of this appeal are assessed to appellant, Safeway Insurance Company.
AFFIRMED IN PART; REVERSED IN PART AND RENDERED.