STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**KEITH A. LOWERY, ET UX.**

**VERSUS**

**SAFEWAY INS. CO. OF LOUISIANA, ET AL.**

**\*\*\*\*\*\*\*\*\*\***
APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 208,427
HONORABLE BERT DEXTER RYLAND, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***
**ELIZABETH A. PICKETT**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Billie Colombaro Woodard, Elizabeth A. Pickett and Arthur J. Planchard,[*] Judges.

**AFFIRMED AS AMENDED.**

**Thomas Overton Wells**
**Attorney at Law**
**1254 Dorchester Drive**
**Alexandria, LA 71303-0000**
**(318) 445-4500**
**Counsel for Plaintiff Appellee:**
**Keith A. Lowery**
**Sandra Lowery**

**Ray F. Lucas III**
**Joana Ortego LaBruyere**
**Borne, Wilkes & Brady**
**P. O. Box 4305**
**Lafayette, LA 70502-4305**
**(337) 232-1604**
**Counsel for Defendant Appellant:**
**Safeway Ins. Co. of Louisiana**
**Jennifer B. Lewis**

---

[*]Judge Arthur J. Planchard, Retired participated in this decision by appointment of the Louisiana Supreme Court as Judge *pro tempore.*

**Pickett, Judge.**

**FACTS**

On February 9, 2002, a vehicle being driven by Keith Lowery was involved in an accident with a vehicle being operated by Jennifer Lewis. Lowery's wife, Sandra, and his two minor daughters, Sankeitha and Iniki, were passengers in his vehicle. The Lewis vehicle was insured by Safeway Insurance Company. Lowery and his wife, individually and on behalf of their minor daughters, filed suit against Lewis and Safeway.

A bench trial was held on April 24, 2003. The parties stipulated that Lewis was solely liable for the accident. As part of the stipulation, Lewis was dismissed from the suit. The only issue before the court was damages. The court issued written reasons for judgment on April 30, 2003. Keith Lowery was awarded the following damages:

| | |
|---|---|
| Lost wages | $ 132.00 |
| Rental expenses | $1,344.20 |
| Sales tax expenses | $1,234.00 |
| General damages | $4,500.00 |

The court awarded Sandra Lowery, on behalf of Sankeitha, medical expenses in the amount of $870.00 and general damages in the amount of $4,500.00.

The court awarded Sandra Lowery, on behalf of Iniki, medical expenses in the amount of $712.60 and general damages in the amount of $3,500.00.

The court awarded Sandra Lowery $1,888.30 for medical expenses and $7,500.00 for general damages.

It is from this judgment that Safeway appeals.

**ASSIGNMENTS OF ERROR**

Safeway alleges six assignments of error:

1

1) The trial court committed legal error in awarding $1,234.00 for the taxes paid by Keith A. Lowery on the total loss sustained to his vehicle.

2) The trial court erred in awarding $1,344.20 as reimbursement for a rental car.

3) The trial court erred in awarding general damages in the amount of $2,000.00 to Keith A. Lowery.

4) The trial court erred in awarding $4,500.00 in general damages to Sankeitha Lowery.

5) The trial court erred in awarding $3,500.00 in general damages to Iniki Lowery.

6) The trial court erred in awarding $7,500.00 to Sandra Lowery.

## DISCUSSION

In the first assignment of error, Safeway argues the trial court erred by awarding sales tax paid by Keith Lowery on the vehicle he purchased to replace the vehicle which was a total loss as a result of the accident.

The value of the Lowery vehicle that was completely destroyed in the accident as a result of the fault of Safeway's insured was $5,928.00. Lowery purchased a replacement vehicle for $18,475.00 and paid sales taxes in the amount of $1,234.00 on the vehicle. The trial court awarded the full amount of sales taxes paid. Safeway argues this results in a windfall for Lowery and the amount of sales taxes should be reduced to the sales taxes that would be due on a vehicle that had the same value as the vehicle that was destroyed, or 8% of $5,928.00, which is $474.24.

The legislature, by Acts 2001, No. 478, amended La.Civ.Code art. 2315 to include the final sentence (emphasis added):

A. Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.

B. Damages may include loss of consortium, service, and society, and shall be recoverable by the same respective categories of persons who

would have had a cause of action for wrongful death of an injured person. Damages do not include costs for future medical treatment, services, surveillance, or procedures of any kind unless such treatment, services, surveillance, or procedures are directly related to a manifest physical or mental injury or disease. **Damages shall include any sales taxes paid by the owner on the repair or replacement of the property damaged.**

The purpose of the tort statute is to place the injured person back in the position he was in before the tort. *Wainwright v. Fontenot*, 00-492 (La. 10/17/00), 774 So.2d 70. When a tort victim incurs costs to repair a vehicle or must replace that vehicle, the victim should not be required to bear the costs of sales taxes that must be paid to restore him to the position he was in prior to the accident. This has clearly been recognized by our legislature.

Affirming the trial court's award in the instant matter, however, clearly results in a windfall to the plaintiff. The vehicle that was totaled was worth $5,928.00. The plaintiff chose to replace that vehicle with a vehicle which cost $18,745.00. This is not a vehicle comparable to that lost, but instead an improvement over it. The taxes paid on the new vehicle were $1,234.00, or 20.8% of the value of the destroyed vehicle. The proper calculation of sales tax due, in order to make a tort victim whole again, is the tax due on a replacement vehicle of equal value, in this case $5,928.00. Any other interpretation could result in a situation whereby a car worth only a pittance is destroyed and the sales tax on a new vehicle by more than the value of the destroyed car. This would be contrary to the purpose of our tort law which restores a tort victim to the position he was in before the tort. Thus, the proper method of calculating sales tax for a replacement vehicle under Article 2315 is to determine the tax due on a vehicle of equal value. In this case, 8% being the applicable sales tax rate, $474.24 is due the plaintiff. We hereby amend the judgment to that amount.

The second assignment of error concerns reimbursement for a rental car. The

accident occurred on February 9, 2002, Lowery rented a car on February 11, 2002 and did not return it until April 22, 2002, a period of 71 days. Safeway argues this is unreasonable. They argue Lowery knew that the car was a total loss within two weeks of the accident and he should not be compensated for the rental car for more than 30 days beyond that date.

Whether the appellee replaced the vehicle within a reasonable amount of time and is thus entitled to all damages claimed for the rental vehicle, under the circumstances of this case, is a factual determination which should not be reversed absent manifest error. *Rosell v. Esco*, 549 So.2d 840 (La.1989).

The trial court found, based in part on the testimony of Safeway's adjustor, that it was the usual practice to allow use of a rental vehicle until insurance funds were issued. Thus, the trial court's determination that the rental expenses were reasonable and recoverable up until Lowery received the check from Safeway and the funds were available to him is not clearly wrong. This assignment of error lacks merit.

The remaining four assignments of error concern general damage awards. In *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257, 1261 (La.1993), the supreme court articulated the standard of appellate review of general damage awards:

> [T]he discretion vested in the trier of fact is "great," and even vast, so that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.

We have reviewed the general damage awards. Keith Lowery suffered injuries to his wrist and knee. The knee injury lasted two weeks and the wrist injury 2-3 weeks. He was awarded general damages of $2,000.00. Sandra Lowery suffered injuries to her right thumb and knees. She continues to have pain when she extends

4

her fingers. She also injured her knees, and her left thigh. She was required to have physical therapy. She was awarded general damages of $7,500.00. Sankeitha suffered injuries to her knee, forehead, and left clavicle. She was transported from the scene by ambulance and treated for contusions and trauma. She still gets headaches related to this accident. She was awarded general damages of $4,500.00. Iniki bit her lip during the accident and suffered injuries to her head and knee. She was also transported from the scene by ambulance. Her injuries lasted between two and three weeks. She was awarded general damages of $3,500.00

We find no abuse of the vast discretion of the trial court in awarding general damages. This assignment of error lacks merit.

## CONCLUSION

We amend the trial court's judgment to reflect an award of $474.24 for sales tax due. The judgment is affirmed in all other respects. Costs of this appeal are assessed equally between Safeway and Keith Lowery.

**AFFIRMED AS AMENDED.**