# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 24-304

**JASMINE PORTER**

**VERSUS**

**GOAUTO INSURANCE COMPANY, ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
NINNTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 274,656
HONORABLE MONIQUE F. RAULS, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**SHARON DARVILLE WILSON**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Candyce G. Perret, Jonathan W. Perry, and Sharon Darville Wilson, Judges.

**AFFIRMED.**

**Joshua J. Dara, Jr.**
**R. Morgan Briggs**
**Connor Hedrick**
**GOLD, WEEMS, BRUSER, SUES & RUNDELL**
**Post Office Box 6118**
**Alexandria, Louisiana  71307-6118**
**(318) 445-6471**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
  **Jasmine Porter**

**Bradley J. Gadel**
**BRADLEY J. GADEL, APLC**
**728 Jackson Street**
**Alexandria, Louisiana  71301**
**(337) 448-4406**
**COUNSEL FOR DEFENDANT/APPELLANT:**
  **GoAuto Insurance Company**

**WILSON, Judge.**

This case involves the reasonableness of expenses for a rental vehicle following an automobile accident in which the plaintiff's vehicle was rendered a total loss. Defendant, GoAuto Insurance Company (GoAuto), appeals the award of $10,060.32 in rental expenses to Jasmine Porter (Porter). We affirm.

## I.

## ISSUES

The only issues before this court concern the award for rental expenses. GoAuto asserts the following assignments of error:

1. The trial judge committed manifest error and was otherwise clearly wrong in awarding excessive rental expenses in favor of the plaintiff in view of the fact that the plaintiff continued to stay in a rental vehicle for several months after she was paid for her total loss, while GoAuto was completely unaware that plaintiff was placed in a rental vehicle by her attorney.

2. The trial judge committed manifest error and was otherwise clearly wrong in failing to discount the rental invoice by collision damage waiver coverage purchased by the claimant and failing to recognize that same was betterment or an unjust enrichment with benefits which would not have been available to her in her damaged vehicle.

3. The trial judge committed manifest error and was otherwise clearly wrong in considering arguments from plaintiff that her financial condition did not allow her to purchase a substitute vehicle in a timely fashion, contrary to Louisiana jurisprudence, while having the benefit of legal counsel who actually put her in a rental vehicle unbeknownst to GoAuto.

## II.

## STANDARD OF REVIEW

Whether a party has replaced a totaled "vehicle in a reasonable amount of time and is thus entitled to all damages claimed for the rental vehicle . . . is a factual determination which should not be reversed absent manifest error." *Lowery v. Safeway Ins. Co. of La.*, 03-1456, p. 4 (La.App. 3 Cir. 2/4/04), 865 So.2d 1060, 1063.

## III.

## FACTS AND PROCEDURAL HISTORY

On January 28, 2022, Porter was driving her 2001 Toyota Rav 4 on MacArthur Drive in Alexandria, Louisiana, when her vehicle was rear-ended by a 2011 GMC Sierra, owned and operated by Kenderek Parker (Parker). The impact caused Porter's vehicle to crash into a Ford F150, owned by Derek Hennesey and driven by Dylan Hennesey.[1] Parker was insured by GoAuto.

Porter's car was deemed a total loss on March 16, 2022, but Porter did not receive payment of $4,468.00 for that loss until March 29, 2022. Porter's lawyer helped her obtain a rental vehicle from Enterprise on February 3, 2022. The rental of a Jeep Cherokee included a collision damage waiver, which cost $24.99 per day. Porter kept the rental vehicle until May 24, 2022, which was the conclusion of her children's school year. The rental invoice from Enterprise indicates that Porter had the rental vehicle for one hundred ten days. Porter remained without transportation until December of 2022, when she was gifted a 2004 Nissan Maxima.

Porter filed suit against Parker and GoAuto on August 31, 2022. Following a bench trial on January 9, 2024, Porter was awarded $10,000.00 in general damages, $4,743.00 for medical bills, and the total amount of the Enterprise bill ($10,060.32 less $1,800.00 previously paid by GoAuto), plus legal interest. GoAuto tendered payment of $15,984.74 on January 28, 2024. Judgment was signed on March 5, 2024, and GoAuto appealed the judgment with respect to the award for rental expenses.

---

[1] The Henneseys are not parties to this litigation.

# IV.

## LAW AND DISCUSSION

"It is well established in the jurisprudence that damages for the rental of a vehicle are recoverable, although not unlimited." *Wiley v. Safeway Ins. Co.*, 99-161, p. 5 (La.App. 3 Cir. 7/14/99), 745 So.2d 636, 639. The rule has been said to be subject to the following reservation: "In those cases in which the wrecked vehicle is totally destroyed or its repair is not economically feasible, those damages are recoverable only for a reasonable time, that period in which the owner becomes aware of the situation and secures a replacement therefor." *Washington v. Lake City Beverage, Inc.*, 352 So.2d 717, 722 (La.App. 3 Cir. 1977), *writ denied*, 354 So.2d 1050 (La.1978). "Exactly what is a reasonable time depends on the facts and circumstances of each individual case." *Wiley*, 745 So.2d at 640.

GoAuto argues that Porter "sprung" the rental bill on them two months after the total loss payment was made, that Porter failed to mitigate her rental expenses, that Porter's absence of funds with which to replace her damaged vehicle cannot be used to extend the reasonable time period, and that Porter was unjustly enriched by the collision damage waiver for the rental that allowed her to enjoy more coverage on the rental than she did on her damaged vehicle. Accordingly, GoAuto asks this court to "correct the judgment of the trial judge" and reduce the amount recoverable by Porter to sixty days as was previously tendered by GoAuto.

Porter, on the other hand, argues that it was reasonable to keep the rental vehicle for sixty-nine days after being apprised that her vehicle was a total loss. Porter testified that due to the Covid-19 pandemic, the availability of vehicles was greatly reduced and that despite her best efforts, she was unable to find a suitable replacement vehicle that was within her budget. She testified that the totaled vehicle

was gifted to her and that it was paid off at the time of the accident. Porter testified that in order to find a replacement vehicle, she searched online, called different dealerships, and had people take her to different places to look for vehicles. Porter indicated that she returned the rental vehicle before she found a replacement on the advice of friends and because she did not want to "rack up any charges." She felt that as long as she was able to get her children to school, it would be okay and that she would "just do what [she had] to do . . . after that." She testified that it was stressful and inconvenient to be without a vehicle.

Tonya Smith Johnson (Johnson), a litigation claims representative for GoAuto, testified that before receiving a May 25, 2022 letter from Porter's attorney, GoAuto was not aware that Porter had a rental vehicle. She testified that it was common practice for those with damaged vehicles to ask to be put in rental vehicles. Johnson further testified that with respect to vehicles that are a total loss, GoAuto's policy is to make contact with the vehicle owner after it is deemed a total loss and discuss options. The owner can either retain the vehicle or sell it to the insurance company. Johnson testified that after such offer is made and accepted, GoAuto gives the owner a certain amount of days, maybe seven to ten days, before the rental is terminated. Johnson testified that the daily rental rate plus the collision damage waiver charge was over $80.00 per day in this case; and when asked whether that was an unusual charge for that service, Johnson answered, "No." Johnson testified that $30.00 per day for loss of use was a reasonable rate, but she did not testify as to what rental rates were in the area during the relevant time period.

Johnson testified that GoAuto was given permission to talk to Porter directly about her property damage but that the notes do not reflect that any conversation about a rental vehicle occurred. Johnson stated that it was her opinion that two

4

months was too long for someone to be in a rental vehicle following their vehicle being declared a total loss. Johnson, however, did note that she was not aware of any policy stating this but that her opinion was based on the duty to mitigate damages.

In its oral reasons for ruling, the trial court stated: "[I]f I'm going to determine who definitely should have addressed the property damage first, I would say GoAuto, because GoAuto, they do this every day. . . . So I decided they should foot this expense, based upon their failure, because they have the experience and the knowledge."

In *Hill v. Sampson*, 628 So.2d 81, 85 (La.App. 2 Cir. 1993), the trial court noted that the plaintiff "may not have 'shopped around' for the lowest rate" on a rental vehicle, but refused to say that the rental expense was unreasonable where no evidence was presented to show that the rental rate incurred "was unreasonable or even above the average rental rates in the area." In *Meshell v. Insurance Company of North America*, 416 So.2d 1383, 1388 (La.App. 3 Cir. 1982), this court affirmed the trial court's finding that sixty days "was a reasonable time to take to secure a suitable replacement for the plaintiff's gravel truck[] and that the plaintiff made a good faith effort to do so within that time." This court noted that the nature and cost of the property were relevant to the determination that the length of time was reasonable.

Our decision in *Thomas v. Champion Insurance Company*, 603 So.2d 765 (La.App. 3 Cir. 1992), is also instructive. In that case, David Wallace (Wallace), the plaintiff in reconvention, was awarded rental expenses for fifty-four weeks. This court reversed the award and stated that given the facts of that particular case, two months was a reasonable time. The factors considered were the extent of the damages and the age of the vehicle involved in the accident. The 1981 Honda was

a total loss and was eight years old at the time of the crash. It was also noted that Wallace rented the vehicle from his father.

In this instance, Porter returned the rental vehicle before she found a suitable replacement for her totaled vehicle. She diligently searched for a replacement vehicle that was within her budget but found none. With respect to the collision damage waiver, Porter testified that she did not request this but that she did understand what its purpose was. Her counsel argues that it was a prudent measure to mitigate any additional financial exposure while using the rental vehicle. Based on the facts and circumstances of this case, we find that both the rental expenses incurred by Porter and the amount of time the rental vehicle was utilized were reasonable.

## V.

## CONCLUSION

We find that the trial court did not err in awarding the total rental expense of $10,060.32, less $1,800.00 previously paid by GoAuto, together with legal interest from the date of judicial demand until paid, to Jasmine Porter. The amount incurred and the time the rental vehicle was utilized are reasonable under the facts of this case. The judgment of the trial court is affirmed, and costs of this appeal are assessed to GoAuto Insurance Company.

**AFFIRMED.**

6